IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Gary S. Blatt, | ) | C/A No.: 3:13-2604-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| The Honorable John McHugh, Secretary of the Army, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Gary S. Blatt, proceeding pro se and in forma pauperis, alleges a violation of his constitutional rights by John McHugh, Secretary of the Army ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges he was removed from federal service by the 81st Regional Support Command ("81st RSC") at Fort Jackson, South Carolina, due to revocation of his security clearance. [Entry #1 at 3]. Plaintiff claims that the 81st RSC ended the adjudication process associated with his security clearance "before a final determination was made." *Id.* Plaintiff seeks monetary damages from Defendant. *Id.* at 4.

On October 3, 2013, the undersigned issued an order directing Plaintiff to answer

1

special interrogatories to clarify the claims asserted in his complaint. [Entry #8]. Plaintiff's answers indicate that he "was a Physical Security Specialist, GS-0080-09 . . . Department of the Army civilian (DAC) employee." [Entry #10 at 1]. Plaintiff further asserts he was involuntarily separated from federal employment on August 30, 2013, but he has not filed a claim with the Equal Employment Opportunity Commission ("EEOC").[1] *Id.* at 1–2. However, Plaintiff alleges he filed an appeal with the Merit Systems Protection Board ("MSPB") on August 28, 2013, regarding "termination from federal employment for not being able to meet the conditions of employment — security clearance." *Id.* at 2. Plaintiff states that the "matter has yet to be reviewed or accepted by the MSPB." *Id.* Plaintiff assert that he seeks relief for "Constitutional Issues — Due Process — 5 U.S.C. chapter 75 Harmful Procedural error." *Id.* at 1.

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S.

---

[1] Plaintiff indicates that he has an unrelated discrimination complaint pending with the EEOC. [Entry #10 at 2; Entry #10-2 at 3].

25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Security Classification

To the extent Plaintiff's claim is based on the revocation of his security clearance, his complaint is subject to summary dismissal. The United States Supreme Court has ruled that decisions by the executive branch regarding security clearance are not reviewable by the courts in the course of reviewing an adverse employment action.  *Dept. of the Navy v. Egan*, 484 U.S. 518 (1988)).  The law surrounding the court's authority to review security clearance determinations is well settled.  In *Egan*, the Supreme Court

declared that the approval, denial, or revocation of an individual's security clearance is within the executive branch's purview and "unless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive [Branch] in military and national security affairs." *Egan*, 484 U.S. at 530. The Fourth Circuit Court of Appeals has found that "in the absence of a specific mandate from Congress providing otherwise, *Egan* deprives the federal courts of subject-matter jurisdiction to review an agency's security clearance decision." *Reinbold v. Evers*, 187 F.3d 348, 357–58 (4th Cir. 1999). The Fourth Circuit has specifically held that *Egan* bars judicial review of security clearance decisions in Title VII cases. *Becerra v. Dalton*, 94 F.3d 145, 149 (4th Cir. 1996).

2. Due process/constitutional violation

a. Insufficient factual allegations

To the extent that Plaintiff asserts a violation of his constitutional rights, his claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). To state a claim under *Bivens*, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

4

Plaintiff asserts a due process violation, but has submitted insufficient factual allegations to support a *Bivens* claim. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Here, Plaintiff alleges a denial of due process associated with his removal from federal service. [Entry #1 at 3]. Plaintiff asserts that the 81st RSC removed him from federal service "before a final determination" in the reconsideration phase of the security revocation process. *Id.* Plaintiff provides no other facts to support his due process claim and admits that completion of the reconsideration phase "may or may not have resolved [the] alleged unfavorable credit information which resulted in a revocation of my security clearance." *Id.* As Plaintiff provides only a conclusory due process allegation bolstered by speculation that denial of a final determination impacted his employment, this case is subject to summary dismissal. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of conclusory allegation); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989).

5

    ii.  Individual and supervisory capacity claims

"Any remedy under *Bivens* is against federal officials individually, not the federal government." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996). In this case, Plaintiff provides no factual allegations to indicate any personal involvement by Defendant in the alleged denial of due process. When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Rodriquez v. Oberman*, C/A No. 9:12-1832-RBH, 2013 WL 5707348, at *5 (D.S.C. Oct. 18, 2013); *Howard v. Childs*, C/A No. 3:11-3418-JFA-SVH, 2012 WL 527596, at *4 (D.S.C. Jan. 19, 2012), *adopted by* 2012 WL 527594. Therefore, any individual capacity claim asserted by Plaintiff is subject to summary dismissal.

 Moreover, a claim based upon the doctrine of *respondeat superior* does not give rise to a *Bivens* claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In the present action, Plaintiff provides no factual allegations to show that Defendant was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Thus, even if the majority in *Iqbal* did not entirely dispense with the concept of supervisory liability in a *Bivens* case, Plaintiff provides insufficient facts to proceed on such a theory under Fourth Circuit precedent. As such, Defendant is also entitled to summary dismissal for

any supervisory capacity claims raised by Plaintiff.

        2.        Harmful procedural error under 5 U.S.C. Chapter 75

The Civil Service Reform Act ("CSRA"), Pub. L. No. 95-454, 92 Stat. 1111 (1978), "'established a comprehensive system for reviewing personnel action taken against federal employees.'" *Elgin v. Dept. of Treasury*, --- U.S. ----, 132 S.Ct. 2126, 2130 (2012) (quoting *United States v. Fausto*, 484 U.S. 439, 455 (1988)). When an agency proposes action against an employee, the CSRA provides an employee the right to notice, an opportunity to respond, and a written decision from the agency. *Id.*; *see also* 5 U.S.C. § 7513(b). "If the agency takes final adverse action against the employee, the CSRA gives the employee the right to a hearing . . . before the Merit Systems Protection Board." *Elgin*, 132 S. Ct. at 2130; *see also* 5 U.S.C. §§ 7513(d), 7701.

In the present action, Plaintiff submitted a written "Notice of Decision on Proposed Removal" from the Department of the Army dated August 22, 2013. [Entry #10-2 at 1–2]. This notice appears to show that the Army followed the procedures outlined in § 7513. However, even if Plaintiff could demonstrate a denial of the proper statutory procedures, he has not yet exhausted the administrative remedies necessary to obtain judicial review. 5 U.S.C. § 7703(a)(1) ("Any employee or applicant for employment adversely affected or aggrieved by a **final order or decision** of the Merit Systems Protection Board may obtain judicial review of the order or decision.") (emphasis added). Further, judicial review of an MSPB decision on a non-

discriminatory[2] claim lies in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A). Therefore, because this court lacks jurisdiction over Plaintiff's unexhausted claims asserting harmful procedural error in the removal process, such allegations are subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 6, 2013                                           Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] An exception in 5 U.S.C. § 7703(b)(2) authorizes suit in federal district court for cases of discrimination.  *See Kloeckner v. Solis*, --- U.S. ----, 133 S.Ct. 596, 601 (2012).  Here, Plaintiff provides no factual allegations to demonstrate that his claim with the MSPB falls under this exception.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).