# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Gary S. Blatt, | ) | C/A No.: 3:13-cv-02604-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The Honorable John McHugh | ) | |
| Secretary of the Army, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Gary S. Blatt ("Plaintiff"), proceeding *pro se*, filed a complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. In his complaint, Plaintiff alleges a violation of his constitutional rights by John McHugh, Secretary of the Army ("Defendant").

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") wherein the Magistrate Judge suggests summarily dismissing Plaintiff's complaint without prejudice and without issuance and service of process. ECF No. 15. The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation. *Id.*

Plaintiff was advised of his right to object to the Report, which was entered on the docket on December 6, 2013. *Id.* Plaintiff filed a response to the Report on December 13, 2013. ECF No. 19. This court is charged with making a *de novo* determination of those portions of the

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this court is not required to give an explanation for adopting the Magistrate Judge's recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff's submission appears to be merely a general response to the entirety of the Report, and, thus, Plaintiff is not entitled to this court's *de novo* review. *See United States v. Midgette*, 478 F.3d 616, 621–22 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized. . . .").

Liberally construing the *pro se* complaint, the Magistrate Judge in the Report carefully analyzed Plaintiff's claim under multiple legal theories to determine whether Plaintiff had pled sufficiently, including (1) whether the court has subject-matter jurisdiction to decide a security clearance revocation case; (2) whether the complaint contained enough facts for a claim asserting alleged constitutional violations by a federal official; and (3) whether Plaintiff has exhausted the administrative remedies necessary to obtain judicial review. In his response, Plaintiff provides more facts leading up to his removal from federal service but does not specifically address the findings of the Report. Furthermore, Plaintiff acknowledges that the Merit Systems Protection Board ("MSPB") scheduled a hearing on the matter for December 18, 2013. As pointed out in the Report, judicial review of an MSPB decision on a non-discriminatory claim lies in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A).

Because this court finds that the Magistrate Judge already has considered the issues that Plaintiff raises in his response, this court overrules Plaintiff's objections, adopts the Report in its

2

entirety, and summarily dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

IT IS SO ORDERED.

January 6, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge